# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLIFFORD SCOTT WEBB, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0242-CVE-FHM |
| | ) |
| **RONNIE BATT,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On April 25, 2012, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). Since he filed his complaint, Plaintiff has been transferred to the custody of the Oklahoma Department of Corrections (DOC). His complaint concerned treatment he received while in custody at the Rogers County Jail. By Order filed April 27, 2012 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee of $2.20. In addition, Plaintiff was advised that his complaint against original defendants Todd Weisenbach and Ronnie Batt was subject to being dismissed for failure to state a claim upon which relief may be granted. See Dkt. # 3. Specifically, the Court told Plaintiff that his claim based on "threats" by Defendant Weisenbach did not rise to the level of a constitutional violation. In addition, without further factual development, his claim that he had been "pushed" by Defendant Weisenbach did not rise to the level of a constitutional violation and that allegations of "negligence" were inadequate to state a claim. Id. Lastly, Plaintiff was advised that his requests to be compensated for "pain and suffering" without a showing of physical injury and to be transferred to a different facility were not cognizable in this action. Id. However, Plaintiff was allowed the opportunity to file an amended complaint to cure those deficiencies. See id. The Order established a deadline of May 28, 2012, for compliance. See

id. The Court also entered an Order (Dkt. # 4) directing officials at the Rogers County Jail to collect the initial partial payment and subsequent payments and to forward them to the Clerk of this Court.

On May 9, 2012, Plaintiff filed an amended complaint (Dkt. # 5). However, Plaintiff failed to pay the initial partial filing fee by the deadline. Upon receipt of a letter from Plaintiff (Dkt. # 8) describing his efforts to pay the fee, the Court extended the deadline for payment of the initial partial filing fee to October 23, 2012. See Dkt. # 9. To date, the Clerk of Court has not received Plaintiff's initial partial filing fee payment and the deadline has again passed. On November 16, 2012, the Clerk of Court received another letter from Plaintiff (Dkt. # 11), explaining that he is now in DOC custody and requesting another extension of time to pay the initial partial filing fee. Plaintiff's letter was docketed as a motion for extension of time to pay the initial partial filing fee (Dkt. # 11).

For the reasons discussed below, the Court finds that despite being afforded the opportunity to cure deficiencies in the original complaint, the amended complaint fails to state a claim upon which relief may be granted. For that reason, the amended complaint shall be dismissed without prejudice. Plaintiff's motion for an extension of time shall be declared moot. Nonetheless, Plaintiff remains obligated to pay the full $350 filing fee, in monthly installments.

**A. Amended Complaint shall be dismissed**

    **1.    Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure

to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Amended Complaint fails to state a claim

In his amended complaint (Dkt. # 5), Plaintiff names one defendant, Ronnie Batt, identified as the Jail Administrator. Because the amended complaint replaces and supersedes the original complaint, Plaintiff has abandoned any claim against Todd Weisenbach by failing to name him as a defendant in the amended complaint. Plaintiff alleges that Defendant Batt "knowingly locked my person down for thirty days for an infraction confessed to by another inmate. Upon my appeal process Mr. Batt deliberately reused the facts in blatant negligence." See Dkt. # 5. Based on those allegations, Plaintiff identifies three (3) claims, as follows:

Count I:    Cruel and Unusual Punishment (8th Amendment).

Count II:   Racial Discrimination.

Count III:  Whatever the charge consists of for a hate crime.

(Dkt. # 5). Plaintiff also attaches two (2) handwritten pages to his amended complaint containing additional statements of fact. See id. In his prayer for relief, Plaintiff asks for "an Internal Affairs investigation in regards to staff, compensation for Pain & Suffering, a chance or proper forms to file charges against Todd Weisenbach & Ronnie Batt termination of employment." Id.

Plaintiff's amended complaint seeks only improper relief or relief precluded by statute. For that reason, the amended complaint shall be dismissed for failure to state a claim. First, Plaintiff has been transferred to DOC custody and is no longer housed at the Rogers County Jail. As a result, any request for injunctive relief has been rendered moot. See Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010). In addition, even if Plaintiff's requests are not moot, the Court lacks authority to direct "an Internal Affairs investigation in regards to staff" at the Rogers County Jail. Similarly, Plaintiff's request for termination of Defendant Batt's employment is beyond the authority of this

Court and therefore is not a proper request for relief in this action. Accordingly, those claims for relief are unavailable. Furthermore, Plaintiff simply has no authority to initiate state criminal charges against an official at the Rogers County Jail. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (criminal statutes that do not provide a private right of action are not enforceable through a civil action); Mamer v. Collie Club of America, Inc., 229 F.3d 1164, *2 (10th Cir. 2000) (unpublished)[1] ("private citizens cannot prosecute criminal actions"). That authority belongs to the Rogers County District Attorney. Lastly, Plaintiff again seeks compensation for "pain & suffering." See Dkt. # 5. Plaintiff was previously advised, see Dkt. # 3, that mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002) ("As to [plaintiff's] claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.") (citing 42 U.S.C. § 1997e(e)); Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001). In his amended complaint, Plaintiff makes no allegation that he suffered a physical injury as a result of the incident(s) giving rise to his claims. Therefore, his request to be compensated for "pain and suffering" is insufficient to state a claim under 42 U.S.C. § 1983. As none of Plaintiff's requested relief is cognizable, the amended complaint shall be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] This and any other unpublished decision are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

**B. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed in forma pauperis. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The amended complaint (Dkt. # 5) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's motion for extension of time to pay the initial partial filing fee (Dkt. # 11) is **moot**. Plaintiff remains obligated to pay the full $350 filing fee in monthly installments.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered in this matter.

**DATED** this 20th day of November, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

6